UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

- - - - - - - - - - - - -

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 2:20-cr-23 |
| v. | Hon. HALA Y. JARBOU |
| | U.S. District Judge |
| NANITA SHARI MUNNS, | Hon. MAARTEN VERMAAT |
| | U.S. Magistrate Judge |
| Defendant. | |
| _____/ | |

PLEA AGREEMENT

This constitutes the plea agreement between Defendant, Nanita Shari Munns, and the United States Attorney's Office for the Western District of Michigan. The terms of the agreement are as follows:

1. <u>Defendant Agrees to Plead Guilty</u>. Pursuant to Federal Rule of Criminal Procedure 7(b), Defendant waives her right to indictment and agrees to plead guilty to the Superseding Information. The Superseding Information charges Defendant with conspiring to distribute and possess with intent to distribute methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 846, 841(a)(1), 841(b)(1)(C).

2. <u>Defendant Understands the Crime</u>. In order for Defendant to be guilty of violating Title 21, United States Code, Sections 846, 841(a)(1), 841(b)(1)(C), the following must be true:

   a. Defendant conspired, or agreed, with one or more persons to distribute or possess with intent to distribute methamphetamine; and

   b. Defendant knowingly and voluntarily joined the conspiracy.

*United States v. Nanita Munns*
*2:20-cr-23*
*Plea Agreement*

Defendant is pleading guilty because Defendant is guilty of the charge described above.

3. <u>Defendant Understands the Penalty</u>. The statutory maximum sentence that the Court can impose for a violation of Title 21, United States Code, Sections 846, 841(a)(1), (b)(1)(C), is the following:

    a. Not more than 20 years' imprisonment;

    b. Supervised release of at least 3 years and up to life;

    c. A fine of up to $1,000,000; and

    d. A mandatory special assessment of $100.

Defendant agrees to pay the special assessment at or before the time of sentencing unless Defendant affirmatively demonstrates to the Court that he lacks the ability to pay.

4. <u>Supervised Release Defined</u>. Supervised release is a period of time following imprisonment during which Defendant will be subject to various restrictions and requirements. Defendant understands that if she violates one or more of the conditions of any supervised release imposed, she may be returned to prison for all or part of the term of supervised release, which could result in the Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

5. <u>Consent to Proceed Before a United States Magistrate Judge.</u> Defendant hereby acknowledges the following: that she understands the federal charge against her and the possible penalties; that she desires to enter a plea of guilty

2

pursuant to this plea agreement; that she has the right to have all proceedings, including the plea hearing, conducted by the United States District Judge assigned to this case; and that a United States Magistrate Judge may conduct the plea hearing with Defendant's consent and the consent of her attorney and the Assistant United States Attorney.  Understanding these rights, Defendant freely and voluntarily consents to having a United States Magistrate Judge preside over the guilty plea hearing and gives up her right to proceed before a United States District Judge. Defendant understands that the United States District Judge will accept or reject the plea, accept or reject the plea agreement, and will impose sentence.

6. <u>Factual Basis of Guilt</u>.  Defendant and the U.S. Attorney's Office agree and stipulate to the following statement of facts which need not be proven at the time of the plea or sentencing:

> Beginning in 2017 and through July 2019, Defendant coordinated the shipment of packages to Howard Ray Twardokus at his residence in Cooks, Michigan.  Each package was addressed to a name other than Twardokus in an effort to evade law-enforcement detection.  Each package contained a distribution quantity of methamphetamine.  In exchange, Twardokus sent money to intermediaries, including initials V.F. and C.B.  On the final package, Twardokus sent Defendant two $1000 money orders, which she received and cashed.  Defendant then went to a United States Post Office and sent Twardokus a package containing what laboratory tests determined to be 110.81 grams of

3

*United States v. Nanita Munns*
*2:20-cr-23*
*Plea Agreement*

methamphetamine that tested 96% pure. The packaging containing the 110.81 grams of methamphetamine had one of Defendant's fingerprints on it. Defendant knew that Twardokus would distribute some of the methamphetamine.

7. <u>Dismissal of Indictment</u>. The U.S. Attorney's Office agrees to move to dismiss the Indictment against Defendant at the time of sentencing.

8. <u>Acceptance of Responsibility</u>. The U.S. Attorney's Office agrees not to oppose Defendant's request for a two-level reduction of her offense level for acceptance of responsibility under Section 3E1.1(a) of the Sentencing Guidelines. However, the U.S. Attorney's Office reserves the right to object to Defendant's request if it subsequently learns of conduct by Defendant that is inconsistent with the criteria set forth in the Commentary to Section 3E1.1. Should the Court grant a two-level reduction as provided herein, the Government will move the Court to grant an additional one-level reduction if the adjusted offense level is 16 or greater pursuant to Section 3E1.1(b).

9. <u>Prison Placement</u>. The U.S. Attorney's Office will not object to a request by Defendant that the Court recommend that Defendant be confined at any particular institution. Both parties acknowledge that the Bureau of Prisons, in its sole discretion, decides prison placement and that, while the Bureau often gives deference to a Court's recommendation, the Bureau is not required to follow the Court's recommendation.

*United States v. Nanita Munns*
*2:20-cr-23*
*Plea Agreement*

10. <u>The Sentencing Guidelines</u>.  Defendant understands that, although the United States Sentencing Guidelines (the "Guidelines") are not mandatory, the Court must consult the Guidelines and take them into account when sentencing Defendant.  Defendant understands that the Court, with the aid of the presentence report, will determine the facts and calculations relevant to sentencing.  Defendant understands that Defendant and Defendant's attorney will have the opportunity to review the presentence report and to make objections, suggestions, and recommendations concerning the calculation of the Guideline range and the sentence to be imposed.  Defendant further understands that the Court shall make the final determination of the Guideline range that applies in this case, and may impose a sentence within, above, or below the Guideline range, subject to the statutory maximum penalties described elsewhere in this Agreement.  Defendant further understands that disagreement with the Guideline range or sentence shall not constitute a basis for withdrawal of the plea.

11. <u>There is No Agreement About the Final Sentencing Guidelines Range</u>.  Defendant and the U.S. Attorney's Office have no agreement as to the applicable Sentencing Guidelines factors or the appropriate guideline range.  Both parties reserve the right to seek any sentence within the statutory maximum, and to argue for any criminal history category and score, offense level, specific offense characteristics, adjustments and departures.

12. <u>Waiver of Constitutional Rights</u>.  By pleading guilty, Defendant gives up the right to persist in a plea of not guilty and the right to a speedy and public trial

*United States v. Nanita Munns*
*2:20-cr-23*
*Plea Agreement*

by jury or by the Court. As a result of Defendant's guilty plea, there will be no trial. At any trial, whether by jury or by the Court, Defendant would have had the following rights:

    a. The right to the assistance of counsel, including, if Defendant could not afford an attorney, the right to have the Court appoint an attorney to represent Defendant.

    b. The right to be presumed innocent and to have the burden of proof placed on the Government to prove Defendant guilty beyond a reasonable doubt.

    c. The right to confront and cross-examine witnesses against Defendant.

    d. The right, if Defendant wished, to testify on Defendant's own behalf and present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify.

    e. The right not to be compelled to testify, and, if Defendant chose not to testify or present evidence, to have that choice not be used against Defendant.

    f. By pleading guilty, Defendant also gives up any and all rights to pursue in this Court or on appeal any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that could have been filed.

*United States v. Nanita Munns*
*2:20-cr-23*
*Plea Agreement*

13. <u>FOIA Requests.</u>  Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

14. <u>The Court is not a Party to this Agreement</u>.  Defendant understands that the Court is not a party to this agreement and is under no obligation to accept any recommendation by the U.S. Attorney's Office or the parties regarding the sentence to be imposed.  Defendant further understands that, even if the Court ignores such a recommendation or imposes any sentence up to the maximum established by statute, Defendant cannot, for that reason, withdraw her guilty plea, and she will remain bound to fulfill all of her obligations under this agreement. Defendant understands that no one—not the prosecutor, Defendant's attorney, or the Court—can make a binding prediction or promise regarding the sentence Defendant will receive, except that it will be within the statutory maximum.

15. <u>This Agreement is Limited to the Parties</u>.  This agreement is limited to the U.S. Attorney's Office for the Western District of Michigan, and cannot bind any other federal, state or local prosecuting, administrative or regulatory authority.  This agreement applies only to crimes committed by Defendant.  This agreement does not apply to or preclude any past, present, or future forfeiture or civil actions.

16. <u>Consequences of Breach</u>.  If Defendant breaches any provision of this agreement whether before or after sentencing, the United States shall have the right

7

*United States v. Nanita Munns*
*2:20-cr-23*
*Plea Agreement*

to terminate this agreement, or deny any or all benefits to which Defendant would otherwise be entitled under the terms of this agreement. In the event that the United States elects to terminate this agreement, the agreement shall be considered null and void, and the parties shall return to the same position they were in prior to the execution of this agreement, as though no agreement ever existed. In such an event, Defendant shall remain liable for prosecution on all original charges, and the United States shall be free to bring such additional charges as the law and facts warrant. Defendant further agrees to waive and forever give up her right to raise any claim that such a prosecution is time-barred if the prosecution is brought within one (1) year of the breach that gives rise to the termination of this agreement.

17. <u>This is the Complete Agreement</u>. This agreement has been entered into by both sides freely, knowingly, and voluntarily, and it incorporates the complete understanding between the parties. No other promises have been made, nor may any additional agreements, understandings or conditions be entered into unless in a writing signed by all parties or on the record in open court.

*United States v. Nanita Munns*
2:20-cr-23
*Plea Agreement*
*Signature Page*

ANDREW BYERLY BIRGE
United States Attorney

March 25, 2021
Date

THEODORE J. GREELEY
Assistant United States Attorney

I have read this agreement and carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. No promises or inducements have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

04/24/21
Date

NANITA SHARI MUNNS
Defendant

I am Nanita Shari Munns's attorney. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of her rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

March 24, 2021
Date

HEATH M. LYNCH
Attorney for Defendant